IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RONALD E. RUSHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 1:13-CV-168-WLS-TQL |
| VS. | : | |
| | : | |
| LIEUTENANT BURKS and | : | |
| LIEUTENANT LAVETTE, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## O R D E R

Pro se Plaintiff Ronald E. Rushin has filed a 42 U.S.C. § 1983 lawsuit (Doc. 1) accompanied by an application to *proceed in forma pauperis* (Doc. 2).  Because Plaintiff is a prisoner attempting to proceed *in forma pauperis*, his ability to file a civil action in this Court is limited by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  The PLRA in fact prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This code section, known as the PLRA's "three strikes" provision, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection.  *See Rivera v. Allin,* 144 F.3d 719, 721-27 (11th Cir. 1998), abrogated on other grounds by *Jones v. Bock,* 549

1

U.S. 199 (2007). Thus, dismissal of a prisoner complaint under this section is constitutional. *Id.*

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has a filed numerous civil cases in federal court and that at least three of those cases were dismissed and count as "strikes" under § 1915(g): Plaintiff has at least three such prior dismissals: (1) *Rushin v. Obriens*, No. 1:10-CV-02106-RLV (N.D. Ga. July 30, 2010); (2) *Ash (a/k/a Rushin) v. Adamson*, No. 4:10-CV-00055-CDL (M.D. Ga. June 30, 2010); and (3) *Rushin v. Freeman*, No. 1:05-CV-01699-RLV (N.D. Ga. Aug. 17, 2005). Because of these dismissals, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff has not alleged the existence of any such danger. *See also Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions, even construed liberally, are insufficient to invoke the exception to § 1915(g).").

Plaintiff's request to proceed *in forma pauperis* is accordingly **DENIED** and the instant action is **DISMISSED without prejudice**. If Plaintiff wishes to bring a new civil rights action against the Defendants, he may do so by submitting a new complaint form and the entire $350.00 fee at the time of filing. *See Dupree v. Palmer,* 284 F.3d 1234

(11th Cir. 2002).

**SO ORDERED**, this  4th  day of November, 2013.

/s/ W. Louis Sands
W. LOUSI SANDS, JUDGE
UNITED STATES DISTRICT COURT

lws